IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIDCON DATA SERVICES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OVINTIV USA, INC. f/k/a ) <br> ENCANA OIL & GAS (USA), INC.; ) <br> OVINTIV MID-CONTINENT, INC. f/k/a ) <br> NEWFIELD EXPLORATION ) <br> MID-CONTINENT, INC., ) <br> ) <br> Defendants. ) | Case No.  20-cv-674-PRW |

### FIRST AMENDED COMPLAINT

MIDCON Data Services, LLC, ("Plaintiff"), states the following claims against Ovintiv USA, Inc. f/k/a Encana Oil & Gas (USA), Inc. ("Encana") and Ovintiv Mid-Continent, Inc. d/b/a and/or f/k/a Newfield Exploration Mid-Continent, Inc. ("Newfield") (collectively "Defendants"):

### JURISDICTION AND PARTIES

1. Plaintiff is an Oklahoma limited liability company doing business in Oklahoma County, Oklahoma.

2. Newfield is a Delaware corporation, with its principal place of business in The Woodlands, Texas and doing business in the State of Oklahoma.

3. Encana is a foreign corporation, with its principal place of business in Denver, Colorado and doing business in the State of Oklahoma.

4. The contracts which are the subject of this action were entered into in Oklahoma County, Oklahoma.

5. The acts and omissions giving rise to this action occurred within Oklahoma County.

6. Jurisdiction and venue are proper before this Court. This case was removed by Defendants on the basis of diversity. See Doc. No. 1.

## FACTS COMMON TO ALL COUNTS

7. Beginning in 2002, Newfield entered into a series of ten (10) Proprietary Data License Agreements with Plaintiff (the "Licenses").

8. Within the Licenses, Plaintiff conveyed the right to obtain and use proprietary seismic data (the "Data"), owned and controlled by Plaintiff, to Newfield under stated conditions.

9. The Data was delivered into Newfield's possession in various forms of physical magnetic digital information storage including hard disc drives (HDD) and persistent flash memory storage (SSD) (collectively, hereinafter, the "Original Media").

10. The Licenses prohibited the sale, transfer or assignment of the Data by Newfield without prior written consent of Plaintiff.

11. The contractual proscription of assignment in the Licenses specifically included a prohibition upon any deemed transfer occurring due to a change in ownership or control of Newfield.

12. Pursuant to the Licenses, unauthorized transfer, including a change in ownership of the licensee, or any unauthorized assignment, transfer, access or use of the

Data by a new owner of the licensee, terminated the Licensee's rights of use conveyed to Newfield and terminated the Licenses to the Data immediately unless Newfield and/or its new owner paid relicensing fees; the contractual provisions also required all Data on Original Media and all copies made of such Data to be returned to the Plaintiff.

13. Encana acquired Newfield pursuant to a stock sale or other transaction effecting a change in control of Newfield in February of 2019.

14. Neither Newfield nor Encana requested Midcon's consent in advance of the foregoing merger or change of control event.

15. After learning of the merger or change of control, Plaintiff requested the return of Data and Original Media from Newfield and Encana.

16. Newfield and Encana never returned the Original Media and did not surrender all copies they had made of all Data.

17. Newfield and Encana have admitted that some or all the Original Media was destroyed.

18. Newfield and Encana retained copies of the Data after the termination of the Licenses.

19. Encana representatives accessed unlicensed Data under Newfield's control subsequent to the February 2019 merger or change of control event.

20. Plaintiff requested payment from Newfield and/or Encana of a re-licensing fee for Data that had not been returned by Newfield or Encana, was accessed by Encana subsequent to the February 2019 merger, and which Encana currently retains in the form of unlicensed and unauthorized copies.

21. Newfield breached the terms of the Licenses.

22. Encana is in possession and control of unlicensed copies of the Data.

23. Newfield and Encana are jointly and severally liable to the Plaintiff for all damages resulting from their collective, joint and continued unlicensed possession and control of copies of the Data following termination of the license thereof.

24. The actions of Defendants have caused Plaintiff damages in equivalent to the licensing value of the misappropriated and/or destroyed Data in an amount in excess of $1,500,000 based on a reasonable license value of $1,550 per mile and a total misappropriation and unlicensed retention of 988 miles of seismic data.

## COUNT I: BREACH OF CONTRACT

25. All of the foregoing paragraphs are incorporated by reference as if fully set forth.

26. By retaining copies of the Data after the change of control event, without consent and without paying for relicensing, Newfield and Encana breached the license terms of the contracts with Plaintiff.

27. Defendants' conduct also breached the provisions of the licensing contract by failing to return the Original Media and all copies of made of the Data.

28. Plaintiff has been damaged by such breaches in the amount of relicense fees that would have been reasonable and customary given the quantity of Data in Newfield's possession and control, namely, a sum in excess of $1,500,000.00.

## COUNT II: DESTRUCTION OF BAILMENT

29. All of the foregoing paragraphs are incorporated by reference as if fully set forth.

30. Newfield and Encana had physical possession of the Original Media containing the Data, in the form of a bailment thereof.

31. Newfield and Encana had a duty to protect and preserve the Original Media so it could be returned to Plaintiff's possessions at the expiration or termination of the license.

32. Newfield and Encana negligently or willfully brought about the destruction of the Original Media.

33. Plaintiff has been damaged by the loss of the Original Media in a sum in excess of $75,000.00.

## COUNT III: MISAPPROPORIATION OF TRADE SECRETS

34. All of the foregoing paragraphs are incorporated by reference as if fully set forth.

35. The Data is commercially valuable, not readily accessible by others, and kept confidential by nature. In particular, the Data is seismic survey data of subsurface conditions and formations particularly valuable in the business of exploration for oil and gas resources. Even in areas where drilling has previously occurred, such seismic data has been and can be used to identify previously un-tapped deposits. It is expensive to develop, requiring extensive physical work using costly and sophisticated equipment. It is particularly valuable because it is not public information.

36. The Data qualifies as confidential, proprietary, trade secret information.

37. By retaining copies of the Data without paying a relicensing fee after the change of control event between Newfield and Encana, Newfield and Encana have misappropriated to their benefit the trade secret Data.

38. Plaintiff has been damaged by the misappropriation of copies of the Data by Defendants in a sum in excess of $1,500,000.00.

WHEREFORE, Plaintiff seeks the following relief against the Defendants, jointly and severally:

A. Money judgment in excess of $75,000.00 for actual damages;

B. An award of attorney's fees and costs; and

C. Any further relief allowed by law or in equity.

        RUBENSTEIN & PITTS, P.L.L.C.

        s/*Leif E. Swedlow*
        Leif E. Swedlow, OBA #17710
        Stephanie Coulter, OBA #33867
        1503 E. 19th Street
        Edmond, Oklahoma 73013
        Telephone: (405) 340-1900
        Fax: (405) 340-1001
        lswedlow@oklawpartners.com
        scoulter@oklawpartners.com
        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  This certifies that on April 5, 2021, I electronically filed the attached document with the Clerk of the Court using the CM/ECF system for electronic filing. A Notice of Electronic Filing will be automatically transmitted to the following CM/ECF registrants currently on file.

  Timothy J. Bomhoff, tim.bomhoff@mcafeetaft.com
  Jodi C. Cole, jodi.cole@mcafeetaft.com
  Jennifer B. Puckett, jennifer.puckett@mcafeetaft.com
  David C. Holman, David.Holman@dgslaw.com


            s/*Leif E. Swedlow*
            Leif E. Swedlow