# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIDCON DATA SERVICES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OVINTIV USA, INC. f/k/a ENCANA OIL )<br>& GAS (USA), INC.; OVINTIV MID- )<br>CONTINENT INC. f/k/a/ NEWFIELD )<br>EXPLORATION MID-CONTINENT, )<br>INC., )<br>)<br>Defendant. ) | Case No. CIV-20-00674-PRW |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Dkt. 30). For the reasons explained below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

This case arises on claims of breach of contract and misappropriation of trade secrets. In 2002, Plaintiff Midcon Data Services ("Midcon") entered into a series of data license agreements with then-Newfield Exploration Midcontinent. Pursuant to these agreements, Newfield leased proprietary seismic data (the "Data") from Midcon. When Midcon delivered the Data into Newfield's possession, the data was stored on various digital information storage devices such as hard disc drives and persistent flash memory storage. Midcon refers to these storage devices as the "Original Media." In 2019, Newfield merged with Encana Oil & Gas (USA) Inc., becoming Ovintiv Mid-Continent and Ovintiv USA, respectively. Pursuant to a contract restriction terminating the licenses in the event

1

of a merger or acquisition, Midcon demanded the return of the Data. Although Ovintiv Mid-Continent claimed to have returned the Data, Midcon contends that not all the Data was returned and that both Ovintiv Mid-Continent and Ovintiv USA retained unlicensed and unauthorized copies of the Data.

Midcon sued both defendants in state court for breach of contract, misappropriation of trade secrets, and destruction of bailment. Defendants removed the case to this Court, Midcon filed an amended complaint, and Defendants filed a motion seeking (1) dismissal of both the breach of contract and misappropriation of trade secrets claim as to Ovintiv USA and (2) dismissal of the destruction of bailment claim as to both Defendants. However, shortly afterward, Ovintiv USA and Ovintiv Mid-Continent finalized a complete merger—leaving Ovintiv USA as the sole surviving entity—and subsequently withdrew the arguments seeking to dismiss the breach of contract and misappropriate of trade secrets claims as to Ovintiv USA. Thus, the only question currently pending before the Court is whether Midcon's destruction of bailment claim against sole surviving Defendant Ovintiv USA ("Ovintiv") should be dismissed.

### *Legal Standard*

When reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[1] Parties bear the "obligation to provide the grounds of [their] entitle[ment] to

---

[1] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2] The pleaded facts must thus be sufficient to establish that the claim is plausible.[3] In considering whether a plausible claim has been made, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[4] However, when considering a Rule 12(b)(6) motion to dismiss, the Court also examines whether the claim fails as a matter of law despite sufficiently detailed factual allegations. Thus, the Court "may grant judgment as a matter of law under Federal Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense like preemption when the law compels that result."[5] When reviewing a Rule 12(b)(6) motion in a case arising in diversity jurisdiction, the Court applies the law of the forum state and therefore reviews the sufficiency of the claims against the substantive laws of the state of Oklahoma.[6]

*Discussion*

Ovintiv says there are three reasons the destruction of bailment claim should be dismissed: (1) Midcon's destruction of bailment claim is based on the same operative facts as the misappropriation of trade secrets claim, but a state statute displaces the common law and provides the exclusive remedy for misappropriate of trade secrets; (2) a bailment requires exclusive possession and Midcon never gave Newfield exclusive possession of the

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[3] *See id.*

[4] *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

[5] *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015).

[6] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Data; and (3) a bailment requires tangible personal property, but the Data here is intangible property.

But first, the Court must address what constitutes the alleged bailment in question. Initially, Midcon claimed "[Ovintiv] negligently or willfully brought about the destruction of the Original Media,"[7] and defined "Original Media" as various "forms of . . . digital information storage."[8] But later, when answering the motion to dismiss, Midcon argued for an indivisible bailment consisting of both the proprietary data and the physical Original Media storage devices,[9] and Ovintiv addressed this second conception, viewing the alleged bailment as a combination of the intangible seismic data and the tangible storage devices.[10] The foundational licensing agreements don't resolve this issue, but given that Midcon pleaded an alleged bailment consisting of two separate and disaggregated parts—(1) the intangible seismic data, and (2) the physical storage devices—the Court proceeds with that understanding of the alleged bailment.

*Lack of Exclusive Control*

---

[7] Am. Compl. (Dkt. 28), at 5.

[8] *Id.* at 2 (differentiating between proprietary seismic data—"the Data"—and the storage devices on which the data was stored: "The Data was delivered into [Ovintiv's] possession in various forms of physical magnetic digital information storage including hard disc drives (HDD) and persistent flash memory storage (SSD) (collectively, hereinafter, the "Original Media").").

[9] Pl.'s Resp. to Mot. to Dismiss (Dkt. 31), at 9 ("The bailment claim relates to the destruction of both the storage media and the original data, which was worth millions of dollars.").

[10] *See* Def.'s Reply to Pl.'s Resp. (Dkt. 33), at 7 ("[Midcon] continues to conflate the tangible property at issue—the Original Media—with the intangible Data stored thereon.").

Under Oklahoma law, exclusive possession of the item by the bailee is required to form a bailment. The Oklahoma Supreme Court has long held that "in order to constitute a transaction in bailment, there must be a delivery to the bailee . . . . as will entitle him to exclude for the period of bailment the possession thereof, even of the owner."[11] Ovintiv now argues that Midcon fails on this fundamental element of the law of bailments with regard to the intangible data portion of the alleged bailment. Midcon's entire case rests on the allegation that Midcon developed and possessed proprietary seismic data and that it simply licensed copies of that data for use by Ovintiv while retaining the original data and the authority to grant additional identical licenses to use the same data. Both Midcon's Complaint and the language of the licensing agreement state that Midcon maintained control over the Data at all times.[12] Ovintiv argues that this absence of exclusive control is "fatal" to the bailment claim.[13] Midcon declined to respond to this argument, other than to

---

[11] *Broaddus v. Commercial Nat. Bank of Mustokee*, 237 P. 583 (Okla. 1925) (affirming dismissal of a case where the plaintiffs bailees did not receive "full and exclusive control over the same during the period of bailment"); *see also* 8A AM. JURIS. 2d BAILMENT § 4 ("[T]he determination as to whether a relationship is one of bailor and bailee turns on whether there is a relinquishment of exclusive possession, control, and dominion over the property. The bailee must have actual or constructive possession, to the exclusion of the bailor and all other persons.").

[12] *See* Am. Compl. (Dkt. 30), at 2 ("[Midcon] conveyed the right to obtain and use proprietary seismic data (the 'Data'), own *and controlled* by [Midcon], to [Ovintiv] under stated conditions.") (emphasis added); *see also* Licenses, (Dkt. 30, Ex. 1) (listing as one of the stated conditions that "[Midcon] shall continue to have the exclusive right to sell, trade, loan, use or otherwise dispose of the Data in any manner of [Midcon's] choosing.").

[13] Def.'s Mot. to Dismiss (Dkt. 30), at 13.

merely reassert that "[t]he Petition sufficiently alleges" that Ovintiv had "exclusive control of the bailment."[14]

In resolving these arguments, the Court finds it necessary to separate the alleged bailment into its constituent components: the Data, and the Original Media. The Court concludes that Ovintiv never had exclusive control over the Data and that Midcon maintained control over the Data at all times. Thus, Ovintiv merely received a license to use the Data rather than an exclusive Bailment over the Data. However, it is equally clear that Ovintiv did have exclusive control over the physical storage devices used to transfer the Data. Accordingly, as a matter of law, Midcon's claim for destruction of bailment fails in regard to the Data but may proceed in regard to Ovintiv's alleged retention or destruction of the hard disc drives, flash memory storage, and any other physical, tangible storage devices (the Original Media) which the parties used to convey the Data.

*Ovintiv's Remaining Arguments*

Ovintiv's first argument asserts that as a matter of law, the Oklahoma Uniform Trade Secret Acts ("OUTSA") provides the exclusive remedy for misappropriation of trade secrets and therefore preempts the common-law destruction of bailment tort in this case. Its third argument asserts that only tangible property, not intangible property, may constitute a bailment.

The Court finds that even if Ovintiv is correct on both of these additional arguments, the ultimate outcome would be identical to the conclusion outlined above: the destruction

---

[14] Pl.'s Resp. to Mot. to Dismiss (Dkt. 31), at 11.

of bailment claim may not proceed with regards to the Data but may proceed with regards to the physical storage devices. Therefore, the Court declines to further address these additional arguments at this time.

## *Conclusion*

Thus, considering the arguments and reasoning detailed above, the Court **GRANTS IN PART** and **DENIES IN PART** Ovintiv's Motion to Dismiss (Dkt. 30). Accordingly, Midcon may continue to pursue its claim on the alleged destruction of bailment with regards to the physical storage devices defined as the Original Media but may not pursue its claim on the alleged destruction of bailment with regards to the intangible Data.

**IT IS SO ORDERED** this 1st day of November 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE